UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCIA WEI MANFREDI,<br><br>      Plaintiff,<br> v.<br><br>VINIQ WALTERS,<br><br>      Defendant. | CASE NO. 2:22-cv-00917-LK<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

This matter comes before the Court sua sponte following its January 19, 2023 Order to Show Cause. Dkt. No. 9. Noting that Plaintiff "filed this case in June 2022 but has failed to serve the summons and complaint on Defendant Viniq Walters within the time prescribed by the Federal Rules of Civil Procedure," the Court ordered Plaintiff to show cause by February 2, 2023 why this case should not be dismissed for failure to prosecute, and expressly warned that "[f]ailure to respond will result in dismissal of the case without prejudice." Dkt. No. 9 at 1–2 (citing Fed. R. Civ. P. 4(m)).

On January 20, 2023, Plaintiff's counsel filed a third praecipe to issue summons, Dkt. Nos. 5, 7, 10, and for a third time, the Clerk of Court issued summons, Dkt. Nos. 6, 8, 12. Plaintiff has

ORDER DISMISSING CASE WITHOUT PREJUDICE - 1

not otherwise responded to the Court's Order. The language of Rule 4 of the Federal Rules of Civil Procedure is clear and unambiguous: "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff *for service on the defendant*," and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(b)–(c)(1) (emphasis added). Plaintiff has not established that Defendant was properly served in accordance with the Rules, requested additional time to effectuate service, or complied with this Court's directive that Plaintiff indicate why this case should not be dismissed without prejudice for failure to prosecute. *See, e.g.*, *Renato v. Beaulieu*, No. C20-708-RSM, 2022 WL 2192953, at *1 (W.D. Wash. June 16, 2022); *Perry v. Biden*, No. 2:21-CV-01178-TL, 2022 WL 683249, at *1 (W.D. Wash. Mar. 8, 2022).

As the Court previously noted, Plaintiffs have a general duty to prosecute their claims, *see Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and they fail to fulfill this duty when they do not litigate their case, *see, e.g.*, *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018). "[T]o prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," federal courts may exercise their inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *see also, e.g.*, *Ville v. Meridian at Stone Creek Assisted Living*, No. C17-913-MJP, 2017 WL 4700340, at *1 (W.D. Wash. Oct. 19, 2017); Fed. R. Civ. P. 41(b) (permitting dismissal for failure to comply with the Federal Rules of Civil Procedure or court orders).

Plaintiff has had more than seven months to pursue this litigation. Despite the extended time period afforded to her and the Court's prompting, she has failed to take necessary actions

//

//

since filing her complaint and exceeded the 90-day deadline to serve Defendant. Accordingly, the Court DISMISSES this case without prejudice.

Dated this 8th day of February, 2023.

*Lauren King*

Lauren King
United States District Judge